THE COMMISSIONERS OF THE MERCHANTS BANK OF NEW ORLEANS *v.* ETIENNE CORDEVIOLLE and another.

Where the holders of a note, the payment of which the makers guarantied by the pledge of another note secured by mortgage, do any act by which the mortgage is destroyed, the endorsers of the first note will be released, they having a right to be subrogated to the mortgage.   C. C. 3030.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*C. C. Parkhill,* for the appellants.

*A. Bodin,* for the defendants.

MORPHY,. J.   The defendants are sued as endorsers of a note for $5000, drawn to their order by Jonau, Metoyer & Co., and protested for non-payment on the 29th of February, 1840. They answer that their liability as endorsers, if it ever existed, has been released by the *laches* of the plaintiffs ; that a note for $10,000, secured by mortgage, was placed in their hands by the makers to secure the note sued on, and that no judgment can be rendered against them unless such collateral security be delivered to them, which the plaintiffs are unable to do ; that the property

upon which the note bore a first mortgage, has been sold at a judicial sale, and the Merchants Bank authorized the Sheriff to raise the said mortgage ; that the money collected to pay the mortgage note was lost by the negligence of the plaintiffs, who took a judgment against the Sheriff only for $5117 72, and moreover suffered the judicial sale to be perfected by a monition. Judgment was rendered below in favor of the defendants, and the plaintiffs have appealed.

The record shows, that the drawers of the note in suit, had lodged in the Merchants Bank, as collateral security, a note for $10,000, drawn by Thayer & Hooker to the order of, and endorsed by Timothy C. Twichell, bearing date the 28th of February, 1837, which note, together with another one of the same date, amount, and maturity, was secured by mortgage on two lots of ground; that the mortgaged premises were seized and sold at the suit of the bearers of the last mentioned note, in April, 1840, and brought twenty thousand dollars. The whole amount of the adjudication was paid to the Sheriff, who conceiving that he had a legal right so to do, cancelled the whole mortgage on the property ; but, by consent of parties, the price thus paid was to remain in his hands, until the homologation of a monition which had been sued out by the purchasers. Shortly after this sale, the Merchants Bank entered into an arrangement with Jonau, Metoyer & Co., by which they had themselves authorized to collect of the Sheriff $5000, with interest from the 29th of February, 1840, at 7 per cent per annum, and $3 costs of protest ; and, on receiving that amount, they placed in the hands of that officer the note of $10,000 pledged to them. They made no opposition to the monition, but exhibited to the Sheriff their authority from Jonau, Metoyer & Co. ; and, on an offer to surrender up to him the mortgage note of $10,000, demanded payment of their debt, which, with the interest stipulated, amounted to $5117 72. After several ineffectual demands, the plaintiffs took a rule upon him, under article 767 of the Code of Practice, which was made absolute for $5117 72, with twenty per cent damages from the 13th of July, 1840. No recovery being had either against the Sheriff, or his sureties, the present suit was brought in October last. The Judge below did not err in concluding, that the course pursued by the plaintiffs had released

the defendants from their obligation, as sureties for the debt. They made with the pledgors a new contract, by which, on receiving the amount of their debt from a third person, they agreed to surrender the note pledged to them. On the neglect or refusal of the Sheriff to pay, they might have returned to Jonau, Metoyer & Co., their authority to collect, and have looked to the defendants for payment; but knowing that the Sheriff had in his hands an amount more than sufficient to pay their debt, and trusting to that officer, they sought to be paid out of the proceeds of the property sold, and to that effect obtained a judgment against him, with heavy damages for the delay; thus ratifying the illegal payment of the whole price into his hands, and the seizure of the mortgage which secured the note pledged to them. This act, on their part, would preclude them, and therefore the defendants, if subrogated to their rights, from resorting to an hypothecary action, to obtain from the purchaser the proportion of the price they were entitled to, as holders of the note of $10,000. They thus destroyed by their act the mortgage to which the defendants had a right to be subrogated, and consequently released them. Civil Code, art. 3030. The whole course of the proceedings of the plaintiffs clearly shows, that they had accepted the Sheriff as their debtor, and approved his acts in relation to the money he had received as the proceeds of the property, on which they held a mortgage. If he has proved unfaithful, or has become insolvent, the loss must be theirs. They cannot be permitted to throw it on the defendants, who never assented to those proceedings, and were not even consulted in the matter.

<em>Judgment affirmed.</em>